FILED

2016 Jul-07  AM 09:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>NORTHWEST DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **RODNEY DALTON LOGAN** | ) | |
| | ) | |

## INFORMATION

The United States charges:

At all times relevant to this Information:

### <u>The Medicare Program</u>

1.     The Medicare Program ("Medicare") was a federal health care program providing benefits to persons who were 65 years or older or disabled.  Medicare was administered by the United States Department of Health and Human Services ("HHS") through its agency, the Centers for Medicare & Medicaid Services ("CMS").  Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.     The Medicare program was divided into different "parts."  "Part D" of the Medicare program covered prescription drug benefits.

3.     A pharmacy benefit manager ("PBM") is a third party administrator of prescription drug programs, including Medicare Part D, that is primarily responsible for processing and paying prescription drug claims.

## Individuals and Entities

4.      The defendant, RODNEY DALTON LOGAN, was the owner and operator of Leighton Pharmacy, Inc., an Alabama corporation that operated as a pharmacy.

5.      Leighton did business as (1) Sheffield Pharmacy and Homecare ("Sheffield"), located in Sheffield, Alabama, and (2) Russellville Pharmacy ("Russellville"), located in Russellville, Alabama, both in the Northern District of Alabama.

6.      Sheffield and Russellville operated as both compounding pharmacies and retail pharmacies.  A compounding pharmacy is a pharmacy that prepares customized medications for individual patients that are not commercially available, usually by mixing ingredients in order to create a prescription for a particular patient.  Sheffield and Russellville sold compounded prescriptions to patients in Alabama and other states.

7.      Sheffield and Russellville each were entities receiving in excess of $100,000, directly and indirectly, from the United States in a one-year period pursuant to a cooperative agreement with Medicare, as defined by Title 18, United States Code, Section 1516(a).

8.      LOGAN was the President of Leighton.  LOGAN has been a registered pharmacist with the Alabama Board of Pharmacy since August of 1975.  At various times, LOGAN was the Pharmacist-in-Charge at Sheffield and Russellville.

9.      CVS/Caremark, Inc. ("CVS") was a PBM that administered prescription drug claims for Medicare Part D.  In its capacity as a PBM for Medicare Part D, CVS performed audits on behalf of Medicare and therefore was a "Federal auditor" as defined by Title 18, United States Code, Section 1516(b).

## The Obstruction Scheme

10.     A prescription can be compounded using either individual medications, such as those in tablet or capsule form, which are approved by the Food and Drug Administration ("FDA"), or by using bulk pharmaceutical powders, which are not FDA-approved.

11.     As of February 1, 2009, bulk pharmaceutical powders were no longer reimbursable under Medicare Part D.  At that time, Medicare Part D PBMs began rejecting claims for reimbursement for prescriptions made from bulk pharmaceutical powders.

12.     After February 1, 2009, Sheffield and Russellville compounded prescriptions using bulk pharmaceutical powders, primarily topical pain creams, including prescriptions for patients with Medicare Part D coverage.

13.     In 2012, CVS conducted various audits of Sheffield and Russellville in connection with Sheffield's and Russellville's submission of claims for compounded prescriptions.

14.     As part of its audits, CVS requested documents from Sheffield and Russellville that identified the ingredients used to prepare certain compounded prescriptions for which Sheffield and Russellville had submitted claims for reimbursement.

15.     In response to these requests, LOGAN caused Sheffield to submit documents to CVS that misstated the ingredients used to prepare compounded prescriptions, specifically by misstating that medications in tablet or capsule form were used as ingredients, when in fact, bulk pharmaceutical powders were used.

## COUNT 1
### (Obstruction of Federal Audit – 18 U.S.C. § 1516)

16.     In or about April 2012, within the Northern District of Alabama and elsewhere, the defendant, RODNEY DALTON LOGAN, with intent to deceive and defraud the United States, endeavored to influence, obstruct, and impede CVS,

a Federal auditor in the performance of official duties relating to a federal audit on

behalf of Medicare of Sheffield, an entity receiving in excess of $100,000, directly

and indirectly, from the United States in the one year period from January 1, 2012

to January 1, 2013, pursuant to a cooperative agreement with Medicare, by

submitting falsified and misleading documents related to compounded prescription

medications, in violation of Title 18, United States Code, Section 1516.

JOYCE WHITE VANCE
United States Attorney
Northern District of Alabama


/s/ Chinelo Diké-Minor
CHINELO E. DIKÉ-MINOR
Assistant United States Attorney


ANDREW WEISSMANN
Chief, Fraud Section, Criminal Division
United States Department of Justice


/s/ William Chang
WILLIAM S.W. CHANG
Trial Attorney

5